UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Denisha Flournoy,                             Civ. No. 21-1486 (PAM/BRT)

      Plaintiff,

v.                                         **MEMORANDUM AND ORDER**

Construction Careers Found.,
Mpls Bldg Trades, Donna
Kusske, and Vicki Sandberg,

      Defendants.

---

This matter is before the Court on Defendants' Motions to Dismiss. For the following reasons, the Motions are granted.

**BACKGROUND**

Plaintiff Denisha Flournoy participated in an apprenticeship program that was co-sponsored by Defendants Construction Careers Foundation ("CCF") and Minneapolis Building and Construction Trades Council ("the Council").[1] The program was called the Building Minnesota Apprenticeship Program. Although there is no description of the individual Defendants in the Complaint itself, Defendants state that Defendant Donna Kusske is the director of the apprenticeship program and Defendant Vicki Sandberg was the coordinator of the program.

Flournoy's very brief Complaint (Docket No. 1-1) claims that she is a "member of the above organization" and that she "believe[s] the defendant subject me to differential

---

[1] The Complaint abbreviates the parties' names as "Construction Careers Found." and "Mpls Bldg Trades." The Court will use the parties' full and correct names.

treatment when I complained about harassment, discriminatory treatment and a layoff." (Id. ¶ 1.) She purports to raise claims for race and disability discrimination (id. ¶ 2), although there is no allegation regarding what her disability is or indeed any specific facts regarding the alleged discrimination and retaliation. She also claims that she was not aware for two years that she was part of an apprenticeship program and that she received no training. (Id. ¶¶ 4-5.) And she cites 29 C.F.R. § 29, alleging that she received less than 144 hours of training. (Id. ¶ 3.)

On August 8, 2018, Flournoy filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Minnesota Department of Human Rights ("MDHR"). (Thaden Decl. Ex. 1 (Docket No. 19-1).)[2] The charge, brought against the two Defendant organizations but not the individual Defendants, contains nearly identical allegations as her Complaint, but claims only that Flournoy was "discriminated against on the basis of [her] disability and was retaliated against for raising complaints of discrimination in violation of Title VII . . . and the Americans with Disabilities Act . . . ." (Id. at 1.) There is no mention of alleged racial discrimination. The EEOC declined to take further action and issued a notice of right to sue on March 26, 2021. (Id. Ex. 2 (Docket No. 19-2).) The MDHR dismissed the charge and issued a notice of right to sue on April 15, 2021. (Id. Ex. 3 (Docket No. 19-3).)

---

[2] Flournoy did not attach a copy of her EEOC charge to her pleadings. But "an EEOC charge is a part of the public record and may be considered on a motion to dismiss." Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 931 (8th Cir. 2011).

On May 26, 2021, Flournoy brought a lawsuit against the MDHR Commissioner in Hennepin County District Court.  (Id. Ex. 5 (Docket No. 19-5).)  Although her allegations in that proceeding are difficult to decipher, she appears to be complaining about how long the EEOC and MDHR took to issue decisions on her charge.  She also asks that the agency add "Race" to her claims.  (Id. Relief ¶ 3.)  And she asks for "investigation of 2017 discrimination claim against Gunner Electric."  (Id. Relief ¶ 4.)  The record contains no further information or allegation about this entity.

Flournoy instituted the instant lawsuit in state court at about the same time as her suit against the MDHR.  Defendants, invoking federal question jurisdiction, removed it to this Court and now move to dismiss it.

Flournoy did not file any written response to the Motions to Dismiss, but she appeared at the September 14, 2021, hearing.  During the hearing, she requested an extension of time to file her response[3] and that the Court consider referring her to the Minnesota Federal Bar Association's Pro Se Project.  Counsel for the Council then noted that Flournoy initially sought an extension of time to respond from the state court on July 8, 2021.  Four days later, the state court informed her that the case had been transferred to federal court and that she must file any requested extension here, rather than in state court.  Flournoy did not do so.  In early August, counsel likewise informed Flournoy that her response was due in federal court on August 24.  When she did not submit a response by

---

[3] Flournoy contends that an extension is warranted because she believes that her state-court lawsuit against the MDHR will result in her discrimination charges being remanded to the EEOC for further review.  Thus, she essentially seeks a stay of this litigation pending her lawsuit against the MDHR.

3

that date, counsel again wrote Flournoy and reminded her that any requested extension must be made to this Court, not state court. She did not request an extension, nor did she file any response to the Motions.

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012).

Because Plaintiff is proceeding without the benefit of counsel, the Court liberally construes her pleading. Erickson v. Pardus, 551 U.S. 89, 94 (2007). But "pro se litigants are not excused from failing to comply with substantive and procedural law," Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984), and although "pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted).

The Court is sympathetic to the difficulties of proceeding pro se in federal court. The removal of cases from state to federal court is a subject that can confound even experienced litigators. However, Flournoy had ample opportunity to request an extension of time to respond to the Motions to Dismiss and knew at least by mid-July that she must

do so in this Court. Her belief that the state courts were acting discriminatorily in refusing to grant her an extension of time in this case is irrelevant. The fact remains that the case was in federal court, and both the state court and counsel for the Council informed her of her obligation to file documents here. Her failure to do so, and to instead wait until the hearing on the Motions to request an extension from this Court, cannot be excused. The Court will not stay this litigation nor will it grant Flournoy's belated request for more time to respond to the Motions.

**A.    Exhaustion**

An individual may sue only over alleged discriminatory or retaliatory practices that "grow[] out of or [are] like or reasonably related to the substance of the allegations in the administrative charge." Nichols v. Am. Nat. Ins. Co., 154 F.3d 875, 886-87 (8th Cir. 1998). Flournoy's administrative charge alleges only disability discrimination and retaliation. There is no mention of race. "[A]llegations in the Complaint [that are] not included in the EEOC charge . . . are [] not properly before the Court." Brinkman v. Sprinkler Fitters Loc. #417, No. 19cv2981, 2020 WL 3642314, at *3 (D. Minn. July 6, 2020). Flournoy's claim of racial discrimination is unexhausted and must be dismissed without prejudice.

**B.    Failure to State a Claim**

Claims under Title VII must be brought against an employer, which can include an agency, union, or a joint committee controlling apprenticeship programs. 42 U.S.C. § 2000e-2(a)-(d). But neither CCF nor the Council qualify as Flournoy's employer. Rather, the apprenticeship program, Building Minnesota, was apparently her employer. Merely because CCF and the Council appointed members to the governing committee of

Building Minnesota does not render them liable as joint actors or agents of the program. See Gen. Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 395 (1982). Flournoy has not alleged any facts from which the Court can conclude that there is any agency relationship between either CCF or the Council and the apprenticeship program that would be sufficient to impose liability on these entities for alleged failings of the Building Minnesota program. Berger v. Iron Workers Reinforced Rodmen Local 201, 843 F.2d 1395, 1437-38 (D.C. Cir. 1988). Plaintiff's claims against CCF and the Council fail on this basis alone.

Her claims fail for another reason. While "a plaintiff need not plead facts establishing a prima facie case of discrimination under McDonnell Douglas in order to defeat a motion to dismiss," mere "conclusory allegations of . . . discrimination" are insufficient and a pleading asserting only bare allegations of discrimination should be dismissed. Hager v. Arkansas Dep't of Health, 735 F.3d 1009, 1014, 1015 (8th Cir. 2013). Flournoy has not offered any factual allegations whatsoever to support her claims. She does not plead that she was in fact disabled under relevant law, or that she was otherwise qualified to perform the essential functions of her job, either with or without accommodation. These allegations are fundamental to a claim for disability discrimination, and Flournoy's failure to include any allegations from which the Court could conclude that she was disabled or an otherwise qualified individual are fatal to her ADA claims.

Nor does she offer any facts to support her claim that she was retaliated against. Assuming that the alleged adverse action was the failure to offer her sufficient training, she does not explain when this occurred, who the decisionmaker was, nor does she describe

6

any element of the alleged retaliation. This claim likewise is insufficiently pled and must be dismissed.

## C. Individual Defendants

As noted, Flournoy's administrative charge did not include any individuals, only the two entities. Her Complaint, however, names two individual Defendants, although it does not say who these individuals are or their role in the discrimination or retaliation she alleges. But employment-discrimination claims under the ADA and Title VII must be brought against employers, not against individuals who also work for that employer. Flournoy's claims against the individual Defendants must be dismissed with prejudice, because the law is clear that she cannot successfully bring claims against individuals.

## D. 29 C.F.R. § 29

The only statute Flournoy mentions in her Complaint is this regulation, which governs apprenticeship programs. The regulation consists of at least 31 parts; Flournoy does not specify from what part the ostensible 144-hour training requirement comes. But even if the regulations somehow required an apprenticeship program to offer a certain number of training hours, there is no private right of action for a violation of the regulation. <u>Thomas v. Joint Apprenticeship Comm. of Plumbing & Pipefitting Indus., Local No. 225</u>, No. 86-3556, 1987 WL 38059, at *2 (6th Cir. July 17, 1987). And the regulations provide a complaint procedure for claims of racial, disability, or other protected-class discrimination for individuals dissatisfied with an approved apprenticeship program. 29 C.F.R. § 30.14. Flournoy cannot enforce the regulations' requirements in a civil lawsuit and to the extent her Complaint attempts to do that, it must be dismissed with prejudice.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Council's Motion to Dismiss (Docket No. 4) is **GRANTED**

2. The CCF, Sandberg, and Kusske's Motion to Dismiss (Docket No. 8) is **GRANTED**; and

3. Plaintiff's claims against the individual Defendants and under 29 C.F.R. § 29 are **DISMISSED with prejudice**, and her remaining claims are **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORINGLY.**

Dated: Thursday, September 16, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge